Davenbagh
v.
M'Kinnie.

The motion was not opposed; but

---

### DAVENBAGH *against* M'KINNIE.

IN WASTE. One Ellis was the grantee in, and had possession of a deed constituting a link in the plaintiff's deduction of title; and on an affidavit that he withheld the inspection of this deed from the plaintiff, by means whereof he was embarrassed in setting out his title in the declaration, and could not safely try his cause,

*A. C. Paige*, moved for a rule upon Ellis, requiring him to allow the plaintiff's attorney to take a copy of this deed, and cited *Wallis* v. *Murray*, (4 Cowen's Rep. 399;) 19 John. Rep. 268; 2 Campb. Rep. 94, note; 12 John. Rep. 225;

*The court will not, on motion, compel a third person, no way interested in the suit, to produce a private paper of his own, for the inspection of a party*

ALBANY,
Oct. 1825.

Willard
v.
Mayor of
Hudson.

1 Campb. Rep. 562, per Sir J. Mansfield ; 11 John. Rep 245 ; 2 Arch. Pr. 196 ; and 4 Taunt. Rep. 161, 157.

*J. J. Danforth* said, whatever the Court might do, if this deed were in the hands of the party, they would never call upon a third person in this form to produce a paper.   He is liable to be called on by a *subpœna duces tecum.*   But this being an action for a tort, the Court will not even compel a party to produce papers for the inspection of his antagonist; and so this Court held in *Denslow & Wife* v. *Fowler,* (2 Cowen's Rep. 592.)

*Curia.*   If the action were upon contract, and the motion unobjectionable on this ground, we would not grant this application.   It is aimed against a third person not interested in the cause ;  and seeks to pry into his private papers. If the plaintiff deem it material, he must compel its production by *subpœna duces tecum,* or in some other way than by motion.

Motion denied.